# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
# CASE NO.:

SPARTA INSURANCE COMPANY,

    Plaintiff,

v.

MARIE LYNN HARRISON and WILLIAM JOSEPH GREGORY, JR., as personal representative of the ESTATE OF JOSHUA RAIM KALPHAT LOPEZ, deceased and PROGRESSIVE SELECT INSURANCE COMPANY,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, SPARTA INSURANCE COMPANY ("Plaintiff" or "SPARTA"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, files this Complaint seeking a Declaratory Judgment against Defendants, MARIE LYNN HARRISON, WILLIAM JOSEPH GREGORY, JR., as personal representative of the ESTATE OF JOSHUA RAIM KALPHAT LOPEZ, deceased, and PROGRESSIVE SELECT INSURANCE COMPANY (collectively the "DJ Defendants"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because there is complete diversity

of citizenship between the Plaintiff and the DJ Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.    This Court has personal jurisdiction over DJ Defendants HARRISON and GREGORY who are residents of Florida.

3.    The Court has personal jurisdiction over DJ Defendant PROGRESSIVE SELECT INSURANCE COMPANY because it has conducted and continues to conduct substantial business in the Middle District of Florida including, but not limited to, Orange County and Seminole County, Florida at all times material hereto.

4.    Venue is proper in the United States District Court of the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim at issue occurred within this District.

5.    Pursuant to Local Rule 1.02(c), this matter is properly brought in the Orlando Division of the Middle District of Florida, as the counties comprising the Orlando Division have the greatest nexus with the present case.

## PARTIES TO THE DECLARATORY JUDGMENT ACTION

6.    Plaintiff SPARTA is a Massachusetts corporation with its principal place of business in the State of Connecticut.  SPARTA is therefore a citizen of Massachusetts and Connecticut.

7.    Defendant MARIE LYNN HARRISON ("HARRISON") is a resident of Seminole County, Florida. HARRISON is therefore a citizen of Florida.

8.    Defendant WILLIAM JOSEPH GREGORY, JR. a/k/a WILLIAM GREGORY ("GREGORY') is the duly appointed personal representative of the Estate of Joshua Raim Kalphat Lopez and, upon information and belief, GREGORY is a resident of Idaho.

-2-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131**
**Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801**

*Plaintiff's Complaint for Declaratory Judgment*

9. PROGRESSIVE SELECT INSURANCE COMPANY ("PROGRESSIVE") is an Ohio corporation with its principal place of business in the State of Ohio. PROGRESSIVE is therefore a citizen of OHIO.

## THE INCIDENT

10. On or about November 10, 2012, Joshua Raim Kalphat Lopez ("Mr. Lopez") was operating a motorcycle in Orange County, Florida when he and HARRISON, who was operating her personal 2002 Chevrolet Tracker, collided, resulting in the death of Mr. Lopez (the "Incident").

## THE UNDERLYING WRONGFUL DEATH LAWSUIT

11. On or about December 20, 2013, personal representative William Gregory filed a Third Amended Complaint on behalf of Mr. Lopez's estate against Marie Lynn Harrison, her mother, Deborah Harrison, and Basich, Inc., Defendant Harrison's employer, in the wrongful death action known then as *William Gregory as Personal Representative of the Estate of Joshua Raim Kalphat Lopez, deceased v. Basich, Inc., a Florida Corporation, Marie Lynn Harrison and Deborah Harrison, Defendants,* Case No.: 2013-CA-001562-O as filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Lopez Action") (Exhibit "A").[1]

12. In the Third Amended Complaint, Plaintiff Gregory alleged that Defendant Harrison and her mother, Deborah Harrison ("Defendant Deborah Harrison") co-owned the 2002 Chevrolet Tracker that Defendant Harrison was operating at the time of the Incident. Plaintiff Gregory further alleged that Defendant Harrison was negligent in causing the accident and the wrongful death of Mr. Lopez.

---

[1] When used in the context of the Lopez Action, SPARTA will use "Plaintiff Gregory" when referring to William Gregory, the decedent's personal representative, and "Defendant Harrison" when referring to Marie Lynn Harrison.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

13. In the Third Amended Complaint, Plaintiff Gregory also alleged that Basich, Inc. ("Basich"), Defendant Harrison's employer, was vicariously liable for the negligence of Defendant Harrison in allegedly causing the accident, claiming that Defendant Harrison was in the course and scope of her employment and providing economic benefit to Basich, her employer, when the Incident occurred. Alternatively, Plaintiff Gregory argued that Ms. Harrison was on a "special errand" for Basich that would impose liability on Basich, notwithstanding the fact that Defendant Harrison had completed her work and was on her way home at the time of the Incident.

14. The Lopez Action proceeded to trial in the Circuit Court in and for Orange County, Florida in October 2015. The Third Amended Complaint was the pending or operative Complaint at the time of trial in the underlying wrongful death action.

15. On October 14, 2015, the jury determined that Defendant Harrison and the decedent, Mr. Lopez, were negligent and a legal cause of Mr. Lopez's loss, injury or damage with the jury awarding 75% fault to Defendant Harrison and 25% to Mr. Lopez (Exhibit "B").

16. The jury also determined that Defendant Harrison was not in the course and scope of her employment with Basich at the time of the Incident (see Exhibit "B"):

> 2. Was Defendant MARIE LYNN HARRISON within the course and scope of her employment with Defendant BASICH, INC. at the time of the accident?
>
> Yes: _____    No: ✓

## PLAINTIFF GREGORY'S 5TH DCA APPEAL AGAINST BASICH

17. In the Lopez Action, a Final Judgment in favor of Basich was entered on or about November 9, 2015 (the "November 9, 2015 Final Judgment for Basich") (Exhibit "C"), and Judge Margaret H. Schreiber denied Plaintiff Gregory's Motion for New Trial as to Defendant Basich, Inc., on February 25, 2016, (Exhibit "D").

-4-

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

*Plaintiff's Complaint for Declaratory Judgment*

18. On March 24, 2016, Plaintiff Gregory appealed the November 9, 2015 Final Judgment for Basich to the Fifth District Court of Appeals (the "5th DCA") (Exhibit "E"), and this appeal was known as *William Gregory as Personal Representative of the Estate of Joshua Raim Kalphat Lopez, deceased,* v. *Basich, Inc.*, Case No.: 5D16-1111.

19. On July 5, 2017, the 5th DCA per curium affirmed the November 9, 2015 Final Judgment in favor of Basich (Exhibit "F").

### DEFENDANT HARRISON'S AND DEFENDANT DEBORAH HARRISON'S 5TH DCA APPEAL AGAINST PLAINTIFF GREGORY

20. In the Lopez Action, a Final Judgment in favor of Plaintiff Gregory and against Defendant Harrison and Defendant Deborah Harrison was filed on November 9, 2015 (the "Harrison November 9, 2015 Final Judgment") (Exhibit "G").

21. On March 24, 2016, Defendant Harrison and Defendant Deborah Harrison filed a Notice of Appeal regarding the Harrison November 9, 2015 Final Judgment rendered upon entry of the trial court's Order Denying Defendants Marie Lynn Harrison's and Deborah Harrison's Motion for New Trial, (Exhibit "H"), and this appeal was known as *Marie Lynn Harrison and Deborah Harrison* v. *William Gregory as Personal Representative of the Estate of Joshua Raim Kalphat Lopez, deceased*, Case No.: 5D16-1037. (Exhibit "I"). Defendant Harrison and Defendant Deborah Harrison later appealed a Final Cost Judgment entered on June 27, 2016, upon entry of the trial court's ruling on Plaintiff Gregory's Motion to Tax Costs (the "Final Cost Judgment"), and the 5th DCA assigned Case No.: 5D16-2552 to this subsequent appeal (Exhibit "J").[2] These two appeals were consolidated by the 5th DCA on August 8, 2016 (Exhibit "K").

---

[2] SPARTA will refer to the Harrison November 9, 2015 Final Judgment and the Final Cost Judgment collectively herein as the "Harrison Final Judgments."

-5-

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

*Plaintiff's Complaint for Declaratory Judgment*

22. On July 7, 2017, the 5th DCA reversed the Harrison Final Judgments against Defendant Harrison and Defendant Deborah Harrison, and remanded the case against them for a new trial due to "cumulative error" (Exhibit "L").

23. On July 24, 2017, the 5th DCA issued its mandate (Exhibit "M"), and the wrongful death action against Defendant Harrison and defendant Deborah Harrison was remanded to the Orange County Circuit Court.

## THE FOURTH AMENDED COMPLAINT IN THE LOPEZ ACTION

24. The Lopez Action lay dormant for over two years until January 24, 2020 when Defendant Gregory filed a Fourth Amended Complaint solely against Defendant Harrison ("Exhibit "N"). Therein, Plaintiff Gregory alleges that Defendant Harrison was negligent in causing the subject accident while operating her personal vehicle in connection with Basich's business. Paragraphs 12 through 15 of the Fourth Amended Complaint read as follows:

\*\*\*

12. At the time of the collision that forms the factual basis for this wrongful death action, the Defendant, MARIE LYNN HARRISON, was a manager of the McDonald's franchise located at 7409 East Colonial Drive in Orlando, Florida, and owned and operated by Basich, Inc.

13. On November 10, 2012, MARIE LYNN HARRISON had been authorized to use her personal automobile, a 2002 Chevrolet Tracker, in connection with the business of Basich, Inc.

14. On November 10, 2012, MARIE LYNN HARRISON, acting as a manager for Basich, Inc., departed the Basich-owned McDonald's restaurant at 7409 East Colonial

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131**
**Telephone: (305) 530-0800; Facsimile: (305) 530-0801**

Drive Orlando, Florida, to deliver requested supplies to the Basich-owned McDonald's restaurant located at 1006 Curry Ford Road in connection with the business of Basich, Inc.

15. The negligence of MARIE HARRISON, while operating her personal vehicle in connection with Basich, Inc.'s business, caused the collision between the vehicles and the death of Joshua Raim Kalphat Lopez.

***

25. Unlike the Third Amended Complaint in the Lopez Action, the Fourth Amended Complaint does not allege that Defendant Harrison was in the course and scope of her employment with Basich at the time of the Incident or on a "special errand." The Fourth Amended Complaint also does not allege that Defendant Harrison was performing duties for Basich, her employer, at the time of the Incident.

26. On February 10, 2020, Defendant Harrison tendered her defense relative to the Lopez Action's Fourth Amended Complaint to her employer Basich's commercial general liability carrier, SPARTA, by and through Gallagher Bassett Services, Inc., and Landmark Insurance Company, an excess liability carrier for Basich (Exhibit "O").

27. On February 28, 2020, SPARTA forwarded a disclaimer of coverage to Defendant Harrison for the Lopez Action's Fourth Amended Complaint allegations against her (Exhibit "P").

### **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

28. On February 27, 2020, SPARTA received a copy of correspondence dated January 30, 2020 from Plaintiff Gregory's attorney, David Beers, Esquire, and addressed to Chris Ballentine, Esquire, counsel for Defendant Harrison (Exhibit "Q"). Therein, Plaintiff Gregory seeks $3 million, an amount that clearly exceeds $75,000.

-7-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131**
**Telephone: (305) 530-0800; Facsimile: (305) 530-0801**

# THE INSURANCE POLICY

29. SPARTA issued a Commercial General Liability insurance policy to Basich, Inc. bearing Policy Number 019CP03146 for the policy period of March 1, 2012 to March 1, 2013 with a $1 million limit of liability (the "SPARTA Policy"). A true and correct copy of the SPARTA Policy is attached as Exhibit "R").

30. The SPARTA Policy was in effect at the time of the incident; however, any and all coverage under the SPARTA Policy is limited to its terms, conditions, provisions, exclusions, deductibles and limits of liability.

31. The SPARTA Policy's Commercial General Liability Coverage form contains the following pertinent Aircraft, Auto or Watercraft exclusion (the "Auto Exclusion"):

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> …
>
> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>
>    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and
>
>    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

-8-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131**
**Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801**

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
>
> ***
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **g. Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
>
> This exclusion does not apply to:
>
> (1) A watercraft while ashore on premises you own or rent;
>
> (2) A watercraft you do not own that is:
>
>   (a) Less than 26 feet long; and
>
>   (b) Not being used to carry persons or property for a charge;
>
> (3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned

-9-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131**
**Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801**

to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of:

   (a) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

   (b) the operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

      ***

## SECTION II - WHO IS AN INSURED

      ***

2. Each of the following is also an insured:

   a. Your …"employees," ... but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business;

      ***

## SECTION V – DEFINITIONS

      ***

**2.** "Auto" means:

  **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

  **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other

-10-

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131
Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801

      motor vehicle insurance law in the state where it is licensed or principally garaged.

      However, "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

***

See Exhibit R at Form CG 00 01 12 07, pages 1, 4, 9, 12 and 13.

    32.    The SPARTA Policy also contains a Hired Auto and Non-owned Auto Liability Endorsement (the "Non-Owned Auto Exclusion") which provides in pertinent part as follows:

**HIRED AUTO AND NON-OWNED**
**AUTO LIABILITY INSURANCE**

**\*\*\***

    **B.**    **Non-Owned Auto Liability**

        The insurance provided under the Bodily Injury and Property Damage Liability coverage applies to "bodily injury" or "property damage" arising out of the use of a "non-owned auto" by any person in the course of your business.

***

    **D.**    **Who Is an Insured**

        For the purposes of this endorsement only, the **Who Is An Insured** Section is replaced by the following:

***

      2.  None of the following is an insured:

***

        **d.**  The owner or lessee (of whom you are a

-11-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131**
**Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801**

> sublessee) of a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee.

\*\*\*

### G. Additional Definitions

> For the purposes of this endorsement only, the following definitions are added to the **Definitions** Section:

\*\*\*

> **3.** "Non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only used while in your business or your personal affairs.

\*\*\*

See Exhibit R at Form GL 50 06 06 10, pages 2 and 3.

33. Without conceding a duty to defend or indemnify or provide coverage to HARRISON as related to the Fourth Amended Complaint, the SPARTA Policy contains the following pertinent "Other Insurance" language in the Non-Hired Auto Endorsement:

\*\*\*

### OTHER INSURANCE:

> This insurance is excess over any primary insurance covering the … "non-owned auto," regardless of any provisions of this coverage part.

See Exhibit R, at Form GL 50 06 06 10, page 2.

## REQUEST FOR DECLARATORY JUDGMENT

34. In this action, SPARTA seeks a declaration that it has no duty to defend or indemnify HARRISON for liability arising out of the Incident that is the subject of the Lopez

-12-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131**
**Telephone: (305) 530-0800; Facsimile: (305) 530-0801**

Actions' Fourth Amended Complaint based on the SPARTA Policy's (1) the Auto Exclusion and/or (2) the Non-Hired Auto Endorsement. Alternatively, if the trier-of-fact determines that SPARTA has a duty to defend HARRISON in the Lopez Action under the Non-Owned Auto Endorsement, SPARTA seeks a declaration that the SPARTA Policy is excess to HARRISON's auto policy with PROGRESSIVE.

## COUNT I – DECLARATORY JUDGMENT AGAINST HARRISON AND GREGORY
### (AUTO EXCLUSION)

35. SPARTA re-alleges Paragraphs 1 through 31 and 34 above as if fully set forth herein.

36. Pursuant to the Auto Exclusion, the SPARTA Policy excludes coverage for "[b]odily injury"…arising out of the ownership, maintenance, use or entrustment to others of any…"auto"… owned or operated by…to any insured."

37. Turning to the Lopez Action's Fourth Amended Complaint, SPARTA contends that Defendant Harrison does not qualify as an "insured" under the SPARTA Policy because she is not alleged to have been nor was she in the course and scope of her employment with Basich as an "employee" at the time of the Incident.

38. The allegations of the Lopez Action's Fourth Amended Complaint against HARRISON further bar her from coverage because the allegations of her purported negligence arise from her ownership, operation and/or use of her personal auto at the time of the Incident.

39. Accordingly, SPARTA does not have a duty to defend or indemnify HARRISON relative to the Incident and/or the allegations of the Lopez Action's Fourth Amended Complaint.

40. There exists a bona fide, actual, present and practical need for the declaration of coverage under the SPARTA policy and the rights and obligations of SPARTA.

-13-

**KAPLAN ZEENA LLP**
**2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131**
**Telephone: (305) 530-0800; Facsimile: (305) 530-0801**

*Plaintiff's Complaint for Declaratory Judgment*

41. The rights and obligations of SPARTA under the SPARTA Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the SPARTA Policy.

42. SPARTA, HARRISON and GREGORY have an actual, present controversy in the subject matter described herein.

43. All proper and present interests are before the Court by proper process.

WHEREFORE, Plaintiff SPARTA INSURANCE COMPANY respectfully requests that the Court:

a. Declare that SPARTA has no duty to defend Harrison under the SPARTA Policy for any claims arising out of the Incident and/or the allegations of the Lopez Action's Fourth Amended Complaint;

b. Declare that SPARTA has no duty to indemnify Harrison under the SPARTA Policy for any claims arising out of the Incident and/or the allegations of the Lopez Action's Fourth Amended Complaint; and

c. Award SPARTA its costs and disbursements incurred in prosecuting this action for declaratory relief, as well as such other relief that is equitable, just and proper under the circumstances.

## COUNT II – DECLARATORY JUDGMENT AGAINST HARRISON and GREGORY (HIRED AUTO and NON-OWNED AUTO ENDORSEMENT)

44. SPARTA realleges Paragraphs 1 through 30, 32 and 34 above as if fully set forth herein.

45. The Hired and Non-Owned Auto Endorsement (the "Non-Hired Auto Endorsement") specifically excludes "…the owner of a 'non-owned auto' as an insured."

46. The Lopez Action's Fourth Amended Complaint alleges that HARRISON was a manager of a McDonald's franchise located in Orlando, Florida "at the time of the collision that forms the factual basis for the wrongful death action…" See Exhibit N at Paragraph 12, page 3.

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131
Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801

*Plaintiff's Complaint for Declaratory Judgment*

47. The Lopez Action's Fourth Amended Complaint further alleges that HARRISON "had been authorized to use her personal automobile, a 2002 Chevrolet Tracker, in connection with the business of Basich, Inc." See Exhibit N at paragraph 13, page 3.

48. The Lopez Action's Fourth Amended Complaint describes HARRISON as negligently operating her personal vehicle in connection with Basich, Inc.'s business. See Exhibit N at paragraph 15, page 3.

49. Under the Non-Hired Auto Endorsement, the SPARTA Policy provides no coverage to Defendant Harrison as she was driving her personal automobile at the time of the Incident, she was not in the course or scope of her employment with Basich nor was she operating her personal automobile at the time of the Incident in connection with Basich's business. Furthermore, Defendant Harrison does not qualify as an "insured" under the Non-Hired Auto Endorsement because she is alleged in the Lopez Action's Fourth Amended Complaint to be the owner and operator of the 2002 Chevrolet Tracker that collided with Mr. Lopez's motorcycle at the time of the Incident, and under the Non-Owned Endorsement, "[n]one of the following is an insured…the owner of a 'non-owned auto'."

50. Accordingly, SPARTA contends that it has no duty to defend or indemnify Defendant Harrison with regard to the allegations of the Lopez Action's Fourth Amended Complaint that arise out of the Incident based on the Non-Owned Auto Exclusion.

51. There exists a bona fide, actual, present and practical need for the declaration of coverage under the SPARTA policy and the rights and obligations of SPARTA.

52. The rights and obligations of SPARTA under the SPARTA Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the SPARTA Policy.

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

*Plaintiff's Complaint for Declaratory Judgment*

53.   SPARTA, HARRISON and GREGORY have an actual, present controversy in the subje4ct matter described herein.

54.   All proper and present interests are before the Court by proper process.

WHEREFORE, Plaintiff SPARTA INSURANCE COMPANY respectfully requests this Court to:

a. Declare that SPARTA has no duty to defend Harrison under the SPARTA Policy for any claims arising out of the Incident and/or the allegations of the Lopez Action's Fourth Amended Complaint;

b. Declare that SPARTA has no duty to indemnify Harrison under the SPARTA Policy for any claims arising out of the Incident and/or the allegations of the Lopez Action's Fourth Amended Complaint; and

c. Award SPARTA its costs and disbursements incurred in prosecuting this action for declaratory relief, as well as such other relief that is equitable, just and proper under the circumstances.

### COUNT III-DECLARATORY JUDGMENT
### AGAINST HARRISON, GREGORY and PROGRESSIVE
**(HARRISON'S AUTO LIABILITY POLICY WITH PROGRESSIVE IS PRIMARY)**

55.   SPARTA realleges Paragraphs 1 through 30, 33 and 34 above as if fully set forth herein.

56.   HARRISON carried automobile liability insurance coverage with PROGRESSIVE in the amount of $10,000.00 per person/$20,000.00 total, and $10,000.00 in property damage coverage pursuant to Policy No. 74084741-4 (the "PROGRESSIVE Auto Policy"). SPARTA is not in possession of the PROGRESSIVE Auto Policy, but SPARTA will obtain same during discovery.

57.   The PROGRESSIVE Auto Policy provides primary coverage to HARRISON for the "non-owned" vehicle she was operating at the time of the Incident; therefore, if the trier-of-

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, One Biscayne Boulevard, Suite 3050, Miami, Florida  33131
Telephone:  (305) 530-0800; Facsimile:  (305) 530-0801

*Plaintiff's Complaint for Declaratory Judgment*

fact were to determine that SPARTA has a duty to defend HARRISON in the Lopez Action's Fourth Amended Complaint under the SPARTA Policy's Non-Owned Auto Endorsement, the "other insurance" provision of the Non-Owned Auto Endorsement renders the PROGRESSIVE Auto Policy primary and the SPARTA Policy as excess.

58. There exists a bona fide, actual, present and practical need for the declaration of coverage under the SPARTA policy and the rights and obligations of SPARTA.

59. The rights and obligations of SPARTA under the SPARTA Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the SPARTA Policy.

60. SPARTA and the DJ Defendants have an actual, present controversy in the subject matter described herein.

61. All proper and present interests are before the Court by proper process.

WHEREFORE, Plaintiff SPARTA INSURANCE COMPANY respectfully requests this Court to:

a. Declare that the PROGRESSIVE Auto Policy constitutes primary insurance for HARRISON as relates to her operation of her personal vehicle at the time of the Incident as alleged in the Lopez Action's Fourth Amended Complaint;

b. Declare that SPARTA Policy is excess to the Progressive Auto Policy relative to the Lopez Action's Fourth Amended Complaint; and

c. Award SPARTA its costs and disbursements incurred in prosecuting this action for declaratory relief, as well as such other relief that is equitable, just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff SPARTA INSURANCE COMPANY hereby demands a jury trial of all issues so triable.

**Dated this 17th day of March, 2020**

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Sparta Insurance Company*
2 South Biscayne Boulevard, Suite 3050
Miami, FL 33131

*Plaintiff's Complaint for Declaratory Judgment*

                                                                                          Tel:   305-530-0800
                                                                                         Fax:  305-530-0801

                                                               By:  */s/ Susan B. Harwood*
                                                                                             **SUSAN B. HARWOOD**
                                                                                              Florida Bar No. 375667
                                                                                              Susan.Harwood@kaplanzeena.com
                                                                                             Cheryl.Mingo@kaplanzeena.com
                                                                                             service@kaplanzeena.com
                                                                                             **ERIC C. KEGLEY**
                                                                                             Florida Bar No. 112040
                                                                                             Eric.Kegley@kaplanzeena.com
                                                                                             Melinda.Gleason@kaplanzeena.com